FREDERICK H. WOOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77694.   Promulgated October 28, 1936.

*Joseph C. White, Esq.*, for the petitioner.
*James H. Yeatman, Esq.*, for the respondent.

### OPINION.

HARRON: This proceeding is for the redetermination of a deficiency in income tax for 1931 in the sum of $707.17, not all of which is in dispute.   Petitioner assigns as error the action of the respondent in adding to the petitioner's net income. for the taxable year the amount of $1,370.44, which amount is alleged by the petitioner to constitute a deductible loss resulting from the sale of stocks and bonds which formed the corpus of a certain trust, hereinafter described.

The case was submitted upon a stipulation of facts entered into by the parties, which may be summarized as follows:

Petitioner is an individual, a resident of the city of New York.

The petitioner, with others, entered into a trust agreement on December 12, 1929, whereby each subscriber to the agreement agreed to deposit money or securities taken at their market value at the date of deposit, aggregating the amounts set forth opposite their respective names.   A copy of this agreement was attached to the stipulation of facts as an exhibit and is incorporated herein by reference.   This trust agreement will be referred to hereinafter as the Deane trust. The object of this agreement was to provide an annual income of about $3,000 for life for the widow of Joseph G. Deane, a friend of the subscribers to the trust.   The agreement provided that the trustee, the Equitable Trust Co., should hold in trust, invest, and keep invested during the life of the beneficiary the money or securities deposited with the trustee pursuant to the agreement; collect and receive income and profits therefrom; and pay to the beneficiary a net income, after deducting expenses, in quarterly installments each

year for life. It was further provided that upon the death of the beneficiary "the said securities then in the estate shall be sold by The Equitable Trust Company at public or private sale in such manner as the said Trust Company shall deem advisable, and the proceeds thereof paid to the undersigned or their estates in proportion to the respective amounts of their subscriptions."

On January 16, 1930, the petitioner paid to the trustee the sum of $4,000 in cash, pursuant to the above trust agreement. The other signers of the agreement each subscribed and paid the sum of $4,000, with the exception of two who paid the sum of $2,000. All of the sums so subscribed and paid, aggregating $52,000, were invested by the trustee in stocks and bonds.

On October 30, 1931, the beneficiary of the trust died. Between November 6 and November 11, 1931, the trustee sold the stocks and bonds which constituted the corpus of the trust, in accordance with the provisions of the trust agreement. The proceeds of the sale were distributed, on or before December 10, 1931, to the subscribers proportionally. The petitioner received the sum of $2,629.56 as his proportionate share of the proceeds. This amount was $1,370.44 less than the amount he had paid into the trust fund. In his income tax return for the year 1931 the petitioner sought to deduct $1,370.44 as a loss from the sale of stocks. Respondent disallowed this deduction and in the notice of deficiency stated as follows:

The stock loss claimed on your return has been reduced by $1,370.44, this amount being a loss sustained by the Deane Trust. Since the Trust was irrevocable, the loss is deductible by the trustee.

The respondent also contends that the petitioner could not deduct this loss because it was not incurred in a transaction entered into for profit.

The petitioner takes the position that the trust terminated upon the death of the beneficiary; that thereafter the trustee held the stocks and bonds for the account of the subscribers to the trust fund, including the petitioner, and that the sale thereof with resulting losses was for their account; that the petitioner is entitled to deduct as a loss the difference between the amount of his subscription and the amount he received as his proportionate part of the proceeds from their sale.

The question is whether the loss involved herein constitutes an allowable deduction to the petitioner under the provisions of the applicable statute.

A taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms. (*New Colonial Ice Co.* v. *Helvering*, 292 U. S. 453.) In the instant proceeding the petitioner can sustain his claim for a deduction only by

showing that the loss in question was a business loss or that it was a loss incurred in a transaction entered into by the petitioner for profit. (Sec. 23(e), Revenue Act of 1928.)

Clearly, the loss sustained was not incurred in trade or business. The question is narrowed to consideration of whether it was incurred in a transaction entered into for profit. The petitioner argues that the purchase by the trustee of income-producing securities, under the provisions of the Deane trust, was a transaction entered into for profit by the trustee and that the petitioner at all times had a proportionate remainder interest in the securities in the trust estate which would entitle him to deduct the loss in question. Petitioner points out that if the securities had been disposed of at a profit so that his proportionate share of the proceeds would have exceeded his subscription, he would have had to include such profit in his gross income. This is true, but this argument does not assist the petitioner because taxpayers are required by section 23(a) of the statute to report "gains or profits and income derived from *any source whatever*", but there is no corresponding statutory provision for allowing as a deduction *any* loss sustained by an individual taxpayer. (Italics ours.)

The position of the petitioner is untenable. The petitioner only subscribed $4,000 to a trust fund. This constituted one-thirteenth of the total fund. A valid, irrevocable trust was created with power in the trustee to purchase securities with the entire fund so as to yield an annual income of $3,000 to a named beneficiary. Upon the death of the beneficiary, the trustee was required to liquidate the corpus and return the proceeds to the original subscribers. There are no facts in the instant proceeding which would allow us to conclude that transactions entered into by the trustee were in fact transactions entered into by the petitioner. The trustee was not an agent of the petitioner. The purchases and sales of securities by the trustee were solely in its own discretion. The subscribers to the trust fund reserved no powers with respect to directing, limiting, approving, or disapproving the purchases or sales. The petitioner did not purchase stocks and bonds, nor were any securities purchased for his account. He had no interest in the trust other than an interest in money to be received on liquidation of the trust corpus. He put money in and he was to receive money back, but, since the total subscribed funds were to be used for the purchase of securities, he agreed to take back his proportionate share of the proceeds of the sale on liquidation. Each subscriber to the fund stood to gain or lose on the sum voluntarily deposited in the trust fund to aid the widow of a friend. It is difficult to read into these facts any trans-

action entered into for profit. This was nothing more than a transaction entered into for charity.

Petitioner relies on two decisions of this Board to sustain his contention: *James W. Arrott, Jr.*, 23 B. T. A. 478, and *Francis Francis, Guardian*, 15 B. T. A. 1332.

Examination of the *Arrott* case shows that the decision there was based upon the finding that James W. Arrott, Sr., decedent, did not under the laws of Pennsylvania create a legal trust in respect of his residuary estate devised to his sons, but that the executors and trustees were merely agents of the devisees. Under these circumstances the sons were held to be the legal owners of the real estate and, as such, were entitled to the deductions claimed on account of losses on the sale of capital assets. We do not agree that the decision or the reasoning in the *Arrott* case is applicable to the instant proceeding. The Deane trust was in fact a trust, the trustee had legal title to securities in the trust, and the sale of securities by the trustee was explicitly directed by the terms of the trust. This was no mere power of sale exercised by a "quondam trustee" for the benefit of remaindermen. The argument of petitioner addressed to this theory is not applicable to the facts of the instant case. There was no provision in the trust agreement giving to each of the subscribers a proportionate interest in the *securities* held in the trust in ratio to his subscription. The terms are plain that each subscriber had an interest only in his proportionate share of the *proceeds* of the sale thereof.

In the *Francis* case the petitioners were remaindermen under a declaration of trust of personalty, which trust was created in 1892 for the life of the daughter of the grantor, with the remainder to her issue or to the survivors of the issue. This Board decided that upon the death of the life tenant the remaindermen became at once entitled to sell the securities in the trust fund and distribute the proceeds despite the nominal power of the trustee. The issue related to the proper basis to be used in determining gain or loss to the petitioners, and it was held that the basis was the value of the property sold when legally acquired by the petitioners upon the death of the life tenant.

A very different situation is here presented, as above set out, and we conclude that the decision in the *Francis* case has no application.

Under the circumstances surrounding the creation of the Deane trust and upon consideration of the terms of the trust, it is held that the loss involved herein was not a loss incurred in a transaction entered into for profit within the provisions of section 23 (e) of the Revenue Act of 1928 and that the respondent did not err in disallowing the claimed deduction.

*Judgment will be entered for the respondent.*